UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET CABRERA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>　　　　　　Defendant. | Case No.   1:25-cv-00737-JLT-EPG<br><br>ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR A PROTECTIVE ORDER<br><br>(ECF No. 12) |

　　　　This matter is before the Court on the parties' stipulated motion for a protective order. (ECF No. 12). Upon review, the Court will deny the motion without prejudice.

　　　　Among other things, the proposed order fails to address Local Rule 141.1(c), which sets out various requirements for a protective order. For example, the parties define confidential information to mean "any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law." (ECF No. 12, p. 2). But such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

　　　　Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2

(C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (ECF No. 12, p. 5; *see* ECF No. 11, p. 4; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

      Accordingly, IT IS ORDERED that the parties' stipulated motion for a protective order (ECF No. 12) is denied without prejudice. Should the parties again seek approval of a protective order, they are directed to review Local Rule 141.1 and the Court's established practices and revise their request accordingly.

IT IS SO ORDERED.

    Dated: **September 18, 2025**  /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE