UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET CABRERA,<br><br>          Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>          Defendant. | Case No.   1:25-cv-00737-JLT-EPG<br><br>ORDER GRANTING SECOND MOTION FOR A PROTECTIVE ORDER, IN PART<br><br>(ECF No. 14) |

      This matter is before the Court on the parties' second stipulated motion for a protective order. (ECF No. 14). The Court denied the parties' first motion without prejudice on September 18, 2025, because they failed to comply with the Court's Rules and established practices. Upon review, the Court will grant the parties' second motion for a protective order, in part.

      The parties define confidential information or items to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement." (ECF No. 14, p. 4). In turn, their good cause statement provides as follows:

> The plaintiff in this action seeks information, records, and communications regarding confidential materials, including but not limited to: Nissan North America Inc.'s internal policies and procedures related to "Lemon Law", consumer information, and consumer complaints. This action is likely to involve trade secrets, research, design, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding

1

confidential business practices, or other confidential research, development of technology, or commercial information (including information that may implicate privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

(*Id.* at 2).

The Court approves of the second protective order to the extent that confidential information or items are limited to this explanation in the good cause statement.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). The Court notes that the parties cite procedures from Local Rules that do not exist in this District. (*See, e.g.*, ECF No. 14, p. 3, citing "Local Civil Rule 79-5"; p. 8, citing "Local Rule 37-1 et seq."). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as following other procedures than provided under the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (ECF No. 14, p. 8; *see* ECF No. 11, p. 4; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the parties' second motion for a protective order (ECF No. 14) is granted, in part, as specified above.

IT IS SO ORDERED.

Dated:  **September 22, 2025**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

2